■ In the Matter of CHARLES C. PROCIDA, Doing Business as CCP DAIRY FOOD BEVERAGE OUTLET, Petitioner, v STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated July 24, 1979, which, after a hearing, (1) sustained a charge that petitioner's premises were no longer operated as a bona fide premises within the contemplation of the license issued therefor, and (2) canceled petitioner's license. Determination confirmed and proceeding dismissed on the merits, with costs. The record contains sufficient findings of fact to permit appellate review (see Matter of Leon's Broadway Corp. v State Liq. Auth., 36 AD2d 519). The authority's determination that petitioner's store was no longer a bona fide grocery store is supported by substantial evidence (see Matter of Cortland-Clinton, Inc. v New York State Dept. of Health, 59 AD2d 228). Furthermore, the penalty imposed (cancellation of petitioner's beer license) was not so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Club Illusions v State Liq. Auth., 25 AD2d 865; Matter of Pell v Board of Educ., 34 NY2d 222). Finally, the "Notice of Pleading and Hearing" informed petitioner of his right to be represented by counsel and that his license may be revoked, canceled or suspended. Mollen, P. J., Titone, Margett and Weinstein, JJ., concur.

■ In the Matter of DENNIS R. Appellant.—In a proceeding pursuant to article 7 of the Family Court Act to adjudge appellant to be a person in need of supervision on the ground, inter alia, that he did not attend school in accordance with article 65 of the Education Law, the appeal is from an order of the Family Court, Kings County, dated July 10, 1979, which, after a hearing, sustained the petition in part, and placed appellant on probation for a period of 12 months. Order reversed, on the law, without costs or disbursements, and petition dismissed. As the Corporation Counsel concedes with commendable candor, the evidence adduced at the fact-finding hearing was not sufficient to sustain a finding of truancy beyond a reasonable doubt. Mollen, P. J., Titone, Margett and Weinstein, JJ., concur.